## SMITH v. GILLIS.

No. 4243.   Opinion Filed June 1, 1915.

On Rehearing, September 14, 1915.

(151 Pac. 869.)

1.   **LIBEL AND SLANDER—Language Used—Construction.**   In an action for slander, the words upon which the same is predicated are taken in their most natural and obvious sense; that is, in the plain and popular sense in which they would ordinarily be used and understood.

2.   **SAME—Actionable Words—Perjury.**   A statement by defendant that he understood that the plaintiff swore to a specified fact in a case that had recently been tried, and that, if he did, he swore a damned lie, and that the speaker could prove it, charged the plaintiff with the crime of perjury, and is actionable per se.

(a)   That the said testimony of plaintiff in such case was material is implied by said language.

(b)   The fact of plaintiff having so testified being stated by defendant in effect upon information and belief does not render the statement nonactionable.

3.   **SAME—Special Injury—Pleading and Proof.**   In an action for slander, predicated upon words actionable per se, it is not necessary to allege and prove special injury or damage.

4.   **SAME—Pleading—Malice.**   In an action for slander, it is not necessary to expressly allege malice in the publication of the same.

5.   **SAME—Exclusion of Evidence.**   It is not error to exclude proffered testimony, in an action for slander predicated upon a charge by defendant against plaintiff of perjury in another case,

to the effect that such plaintiff was present and rendered assistance, and attended and testified without being subpoenaed, during the trial of such other case and in behalf of the party in whose interest he is charged with having committed perjury, such conduct on the part of plaintiff not appearing to have been improper, and being undenied and in the main admitted by him, the evidence having been offered in support of defendant's allegation of malice on the part of plaintiff in the present action, under section 2161, Stat. 1890 (section 4961, Rev. Laws 1910), giving defendant a certain contingent right, which does not affect plaintiff's right to recover, and which was wholly dependent upon his failure to do so.

6.  **APPEAL AND ERROR — Witnesses — Leading Questions — Discretionary Ruling.**  Leading questions are ordinarily not permissible, but a case will not be reversed therefor unless it appears that the judge abused his discretion in permitting them over objection thereto.

(a)  It is not an abuse of discretion to permit a witness to be led to correct an erroneous omission of the word "not" from a sentence, so as to make his testimony conform to that of all the other witnesses, including the party objecting.

7.  **APPEAL AND ERROR—Presentation for Review—Briefs.**  Under rule 25 of this court (38 Okla. vi, 137 Pac. xi), requiring the objector to set out "in his brief the full substance of the testimony to the admission  *  *  *  of which he objects, stating specifically his objection thereto," with which there is no compliance, and which is invoked by the opposing party against the consideration of an error predicated upon the admission of such testimony, this court will not consider such error, especially where the party urging the same does not specifically point it out, and it is not otherwise apparent.

8.  **LIBEL AND SLANDER—Pleading and Proof—Instruction.**  It is not error to refuse to instruct the jury that, in an action for slander, a recovery can be had only upon proving the slanderous statement charged in the petition **precisely as therein charged,** when the actionable words are admittedly used by the defendant.

(a)  It is sufficient to prove the substance of the identical words charged, or so many of the same as may be sufficient to make out a case, without regard to changes in connected words or structural combinations which do not materially affect the meaning of such actionable words.

9.  **APPEAL AND ERROR—Harmless Error—Statement of Issues.**  The failure of the court to submit to the jury in behalf of a defendant in an action for slander an issue which cannot arise, except upon the contingency of a verdict for the defendant upon

the main issue as to his liability in such action, is harmless error, when the verdict is against the defendant upon such main. issue.

10.    **APPEAL AND ERROR—Scope of Review—Weight of Evidence.** The court will not weigh the evidence which tends to support the verdict and judgment against conflicting evidence, but only to ascertain if, within itself, it reasonably tends to support the same.

### ON REHEARING.

11.    **LIBEL AND SLANDER — Trial — Instructions — Evidence — Pleading and Proof.** Where the answer, in an action for slander involving an accusation that the plaintiff had committed the crime of perjury in a prior case, alleges, and evidence is adduced to prove, that the matter charged in the petition as so defamatory is true, and such answer further alleges that said action is malicious and without reasonable provocation, and demands costs, including an attorney's fee of $100, an instruction to the effect that there is no evidence of malice and that the action is without reasonable provocation is erroneous.

(a)    In such case, evidence tending to prove that the matter charged as defamatory is true also tends to prove that such action for slander is both malicious and without reasonable provocation.

(b)    Such instruction, incidentally and in logical effect, advises the jury that there is no evidence tending to prove that the matter charged as defamatory is true, and is thus upon the weight of the evidence.

(Syllabus by Thacker, C.)

*Error from District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by Edward E. Gillis against Samuel M. Smith. Judgment for plaintiff, and defendant brings error. Reversed and remanded on rehearing, with instructions to grant new trial.

*Sam P. Ridings,* for plaintiff in error.

*Parker & Simons* and *F. G. Walling,* for defendant in error.

Opinion by THACKER, C.  Plaintiff in error will be designated as defendant, and defendant in error as plain-

tiff, in accord with their respective titles in the trial court. The plaintiff sued, and, upon the verdict of nine of the 12 jurors, recovered judgment against the defendant for $100 for slander, alleged to have been committed on April 15, 1911, in reference to the former's testimony as a witness on April 12, 1911, in the case of the State of Oklahoma v. R. W. Ehler, known as Dick Ehler, as to Ehler's telephone number on February 14, 1911, and consisting of the following words spoken in the presence and hearing of a number of persons:

"I understand that Ed Gillis [the plaintiff in the instant case] swore that Dick Ehler's number was not 90 on the 14th day of February, and if he did he swore a damn lie, and I can prove it."

Among the other allegations of the petition are the following:

"That the statement aforesaid, so made by the defendant of and concerning this plaintiff, had reference to the testimony given by the plaintiff upon the trial of the action above referred to in the county court of Grant county. That the said defendant, by the use of said language and the making of said statement of and concerning this plaintiff, intended thereby to accuse and did accuse this plaintiff of the commission of the crime of perjury as a witness in said action."

Other essential facts, as well as the errors assigned, will be understood from the propositions discussed and the conclusions reached in this opinion.

The use by the defendant of the language quoted, taken in its most natural and obvious sense, that is, in the plain and popular sense in which the same would ordinarily be used and understood, clearly implies that such testimony was material in that case, and charges

the plaintiff with the crime of perjury, which renders the same actionable *per se*. Sections 3986, 2159, and 2160, Stat. 1890 (sections 4957, 4959, and 4960, Rev. Laws 1910) ; *Hubbard v. Cowling*, 36 Okla. 603, 129 Pac. 714; *Bodine v. Times-Journal Pub. Co.*, 26 Okla. 135, 110 Pac. 1096, 31 L. R. A. (N. S.) 147; *Miles v. Harrington*, 8 Kan. 425; *Haag v. Cooly*, 33 Kan. 389, 6 Pac. 585.

The qualification, as to whether plaintiff had so sworn, by the word "understand" in the above-quoted language used by the defendant, does not render it innocuous or nonactionable, especially in view of the uncontroverted fact that the plaintiff did so swear. 18 Am. & Eng. Enc. L. (2d Ed.) 970 and 972; 25 Cyc. 360; *Wallace v. Kopenbrink*, 31 Okla. 26, 119 Pac. 579; *Johnson v. Brown*, 57 Barb. (N. Y.) 118; *Wheeler v. Shields*, 2 Scam. (Ill.) 348.

The alleged slanderous words being actionable *per se*, it was unnecessary to allege and prove special injury or damage. *N. S. Sherman Machine Co. v. Dun et al.*, 28 Okla. 447, 114 Pac. 617.

According to some authorities—Newel on Slander & Libel (2d Ed.) 330, note 7; *Dillard v. Collins*, 25 Grat. (Va.) 343; *San Antonio Light Pub. Co. v. Lewy*, 52 Tex. Civ. App. 22, 113 S. W. 574—malice should be expressly alleged in such actions; but the sections of our statute hereinbefore cited define slander, without specifying malice as an element thereof, omit malice from the facts declared to be sufficient to be alleged in pleading the same, and provide that "an injurious publication is presumed to be malicious if no justifiable motive for making it is shown"; and the petition in the instant case states a cause of action, notwithstanding malice is not specifically

alleged. *Dixon v. Allen,* 69 Cal. 527, 11 Pac. 179; *Cadle v. McIntosh,* 51 Ind. App. 365, 99 N. E. 779; also see *Redgate v. Roush,* 61 Kan. 480, 59 Pac. 1050, 48 L. R. A. 236.

There is no apparent error in the rejection of the proffered testimony of a witness that plaintiff was present during the trial of the Ehler Case, and rendered the latter assistance therein, and attended and testified without being subpœnaed, which conduct on the part of plaintiff is not shown to have been improper in any respect, and appears to have been undenied, and in the main admitted by the fact of plaintiff's testimony therein as charged by the defendant in the above quoted statement upon which this action is predicated, the testimony having been offered upon the theory that it tended to support defendant's allegation that plaintiff instituted the present action maliciously and without reasonable provocation, under section 2161, Stat. 1890 (section 4961, Rev. Laws 1910); and, even if its exclusion was error, it would seem harmless in view of the verdict establishing plaintiff's right to recover upon the ground that the defendant's charge that plaintiff swore to a lie was false.

Leading questions, ordinarily, are not permissible; but a case will not be reversed therefor, unless it appears that the court abused his discretion in permitting them: and no reversible error appears in the action of the court in permitting the witness W. B. Mitchell to be led to correct his testimony that defendant's said statement as to what plaintiff testified in the Ehler Case was that he understood that plaintiff had sworn that Dick Ehler's phone was 90, etc., by, in effect, inserting the word "not" between the word "was" and the number "90," and thus making his testimony conform to the testimony

of all the other witnesses, including the defendant, in this respect.

As against the alleged error of the court in permitting a witness, over objection, to detail a conversation within the first five days of March, 1911, between Hattie Olson, an employee and collector for the phone company, of which plaintiff was an officer, and Ehler, out of the presence and hearing of the defendant, in which Ehler claimed, and Miss Olson allowed, a credit of $1 on a bill she then presented to him, upon the ground that his residence phone, which defendant undertook to prove was in operation as No. 90 on February 14, 1911, was "out of commission" in that month, the plaintiff invokes rule 25 (38 Okla. vi, 137 Pac. xi), requiring the objector to set out "in his brief the full substance of the testimony to the admission * * * of which he objects, stating specifically his objections thereto"; and we feel that we should apply this rule, especially in view of the fact that the defendant does not in any manner point out, and we do not see upon the face of the proposition, any prejudicial error.

It was not error to refuse to instruct the jury that the plaintiff could "only recover upon proving the speaking of the slanderous statement charged in the petition, *precisely as therein charged*, as the actionable words were admittedly used by the defendant, and the correct rule only requires proof of the same words, or a sufficient number of the same to make out a case, in their substance as charged. A failure to prove all the connected words, or the proof of the actionable words in a differently constructed sentence or other combination, without change of meaning is not a material variance. Newell on Slander and Libel, 759, 760, 808-810; 18 Am. & Eng.

Enc. L. 1078, 1079, 1178; *Fleet v. Tichenor,* 156 Cal. 343, 104 Pac. 458, 34 L. R. A. (N. S.) 323.

Under section 2161, Stat. 1890 (section 4961, Rev. Laws 1910), a defendant's right to have determined the question of whether the plaintiff's action was malicious or without reasonable provocation, and upon an affirmative finding to recover an attorney's fee of $100, arises out of and is wholly dependent upon a verdict in his favor upon the issue of his liability to action for the slander charged against him; and, as the verdict in the instant case was against him upon the main issue as to his liability to plaintiff's action, it was harmless error for the court to fail to charge upon the defendant's claim of malice and want of reasonable provocation.

This court will examine and weigh the evidence which tends to support the verdict and judgment only to ascertain if there is any evidence which *reasonably* tends to do so; but it will not weigh it against conflicting evidence, however weighty such conflicting evidence may seem. And, as there is an abundance of evidence which reasonably tends to support the verdict and judgment herein, and no prejudicial error appears in the proceedings or trial of the case in the court below, the judgment should be affirmed.

### On Rehearing.

Opinion by THACKER, C. The court, in the fifteenth paragraph, instructed the jury as follows:

"You are instructed that the defendant for a fifth defense claims that the institution of this suit on the part of the plaintiff was malicious and without probable cause. Upon this defense you are instructed that the

defendant has failed, and such defense should not be considered by you."

It may be here incidentally observed that the fifth defense is not a statement of any elemental fact or facts constituting a defense to plaintiff's action; but, in this so called defense, it is alleged that this action is malicious and without reasonable provocation on the part of plaintiff, together with allegations attributing such malice to a matter, of which there is no evidence, foreign to the facts alleged and issues tendered in plaintiff's petition, and imputing to the plaintiff a purpose in this action, of which there is no evidence, ulterior to that disclosed by his petition. The allegation that the action is without reasonable provocation is possibly intended to be predicated upon defendant's denial, in the first and second grounds of defense stated in his answer, that he made the statements imputed to him in the petition as defamatory, or his allegation in his third ground of defense that said statement is "true in substance and in fact." But, without deciding that it is necessary for a defendant to allege either malice or absence of reasonable provocation, to be entitled to a finding by the jury that the action was malicious or without reasonable provocation, if the verdict upon the main issue is in his favor, as a predicate for a judgment for costs, including an attorney's fee of $100 in his favor, under section 2161, Stat. 1890 (section 4961, Rev. Laws 1910), and to have this issue as to such malice and as to such absence of reasonable provocation submitted to the jury, at least upon request, when the evidence justifies it, we think the answer, eliminating said foreign matter therefrom as surplusage, or as merely evidence of malice, sufficiently alleges both malice and absence of reasonable provocation, certainly the latter, to

make this an issue in the case when the case was submitted to the jury. And this issue should have been submitted, although the refusal of the court to submit it is harmless, in view of the verdict upon the main issue. However, it was one thing to refuse to submit this requested issue to the jury, as the absence of such submission could not have affected the finding of the jury upon the submitted question as to the truth of the alleged defamatory matter, and quite another and different thing to instruct the jury that there was no evidence of either malice or of the absence of reasonable provocation on the part of the plaintiff, as this instruction, incidentally and in logical effect, negatived the truth of the alleged defamatory matter.

The answer alleges, and the defendant adduced evidence tending to prove, that the matter charged as defamatory in plaintiff's petition is true; that is, that the plaintiff had committed the crime of perjury in the Ehler case; and the evidence so adduced necessarily tends to prove that this action is malicious and without reasonable provocation or probable cause. If the plaintiff gave false testimony, and was thus guilty of perjury, in the Ehler case, the inference of malice and of absence of reasonable provocation on his part in the instant case would have to be regarded as irresistibly strong and logically necessary. And, as the converse of this proposition, if, as the court instructed, there was no evidence of malice or of absence of reasonable provocation, there must have been none of the truth of the alleged defamatory matter—the two propositions seem inseparable. They should stand or fall together in a case like this. True enough, as urged by plaintiff, the submission to the jury of the question of the truth of such defamatory

matter is inconsistent with and logically negatives the view we take of the instruction under consideration; but it does not cure the error, nor go farther towards doing so than to tend to confuse the minds of the jurors. It was at least, an instruction upon the weight of the evidence upon an issue, erroneously withdrawn thereby from the jury, inseparably connected with the main issue submitted, and decided in favor of the plaintiff, which in logical effect affected the substantial rights of the defendant and probably resulted in a miscarriage of justice.

At the time of the original opinion, the harmful effect of this error had not been clearly pointed out to this court, nor discovered, although this instruction was assigned as error and mentioned in the argument in the defendant's brief in connection with the refusal of the court to give the instruction we held to have been harmless error in the original opinion.

For the reasons stated, the judgment of the trial court should be reversed, and the case remanded, with instructions to grant defendant a new trial.

By the Court: It is so ordered.