## MATHEWS v. CIFERS.

No. 11350—Opinion Filed June 12, 1923.

Rehearing Denied Dec. 18, 1923.

### 1. Appeal and Error—Harmless Error.

An instruction technically improper, but substantially stating the law, is not reversible error, where it is clearly apparent from the whole record that no prejudice, in fact, resulted therefrom.

### 2. Same—Action for Slander.

Plaintiff sued the defendant for slander per se. Defendant admitted making the statement and alleged its truth as a defense. The court should have instructed that plaintiff was not required to prove his damages, and that the jury should make the award without proof, but such was only inferable from the instructions given. The verdict

was for defendant. Held, the verdict being against the plaintiff upon the main issue, the question of the burden of proving his damages did not arise, and such error in instructions was harmless.

### 3. Libel and Slander—Judgment for Defendant—Attorney's Fees.

Under section 500, Compiled Oklahoma Statutes 1921, a verdict for defendant for $100 attorney's fee and costs is a finding that the action was malicious or without reasonable provocation on the part of plaintiff, and judgment against the plaintiff, accordingly, is proper.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Payne County; Arthur H. Swank, Judge.

Action by Walter Mathews against Dan Cifers for slander. Judgment for defendant for $100 attorney's fee and costs, and plaintiff brings error.

Walter Mathews and Robert A. Lowry, for plaintiff in error.

Higgins & Berton, for defendant in error.

Opinion by ESTES, C. Plaintiff sued the defendant for slander, alleging that defendant had willfully, maliciously, and falsely, orally stated to divers persons that the plaintiff had forged a bank check on him, the defendant, thereby falsely imputing to plaintiff, and charging him with, the crime of forgery, and that said statement was calculated to bring him, the plaintiff, into disrepute; praying for the statutory minimum judgment of $100.

Defendant admitted that he did make said statement of and concerning the plaintiff, and alleged that the same was wholly true, and denied that the statement in any manner injured or damaged the reputation or character of the plaintiff or injured plaintiff in respect to his office or profession, and further alleged that the bringing of the action on the part of the plaintiff was wholly without reasonable provocation and asked for judgment against plaintiff for costs, including attorney's fee of $100.

Total resulted in a verdict for the defendant for $100 attorney's fee and costs. Motion for new trial was overruled, judgment rendered on said verdict, and the cause duly lodged in this court by the plaintiff, assigning that the court erred in overruling plaintiff's motion for new trial, urging that the verdict was not sustained by the evidence, and error in giving and refusing certain instructions.

1. We do not deem it necessary to set out in totidem verbis the instructions complained of. Plaintiff says that there was error in one certain instruction, wherein the court defined slander under the third and fifth paragraphs of section 496, Comp. Stats. 1921, instead of the first paragraph thereof. In that particular instruction, the court told the jury that slander is a false and unprivileged statement tending to injure in respect to office, profession, trade or business, or which by natural consequences causes actual damages, thus substantially following said paagraphs of the statute. Now the plaintiff urges that the court should have charged that slander is a false and unprivileged publication other than libel which charges any person with crime, this being according to the first paragraph of said section. In other instructions, the court set out the substance of plaintiff's petition, in which the plaintiff alleges that the statement was calculated to bring him into disrepute. The court further charged the jury that the alleged statement was slanderous in itself and unless defendant proved it to be true, plaintiff would be entitled to recover such damages as he had sustained, not to exceed $100; that if the verdict was for the plaintiff, it must be for $100 and costs; that if the matter contained in the alleged slander was false, the jury must find for the plaintiff.

A slander suit is necessarily a damage suit. The natural and logical effect of a false statement that plaintiff committed forgery, would be to damage the plaintiff. This is apparent from the instructions as a whole. Technically, the court should have defined slander under the first paragraph of said statute. Considering that the court did tell the jury that the plaintiff claims said statement was calculated to bring him into disrepute, together with the definition of slander under said third and fifth paragraphs of said statute, and the logical relation of damage to a false statement, we think that the instructions, while technically erroneous, did not mislead the jury, and, therefore, the verdict will not be disturbed. Roberts v. Wilkins et al., 40 Okla. 138, 137 Pac. 111; Redus v. Mattison, 30 Okla. 720, 121 Pac. 253; Kuhl v. Supreme Lodge Knights & Ladies, 18 Okla. 383, 89 Pac. 1126.

2. Plaintiff also urged that the instructions cast upon him the burden of proving his actual damages, and says he was entitled to recover $100 without proving any damage. It is true that proof of damage is not required from plaintiff and the jury should make the award without proof, where the action is for slander per se, as in this case. In the instant case it was not necessary for the plaintiff to prove that the defendant made the statement, because the defendant admitted the making of same, and alleged that the statement was true. The jury, by its verdict, found that the statement was

true. Plaintiff seems to proceed on the theory that, under section 500, Comp Stat. 1921, fixing minimum judgment, he was entitled to recover $100 irrespective of the question of damages or the truth of the statement. The instructions might have been more specific, but from the substance of same aforesaid, it was at least inferable, if not apparent, that plaintiff was under no necessity to prove actual damages. Whether or not the jury was misled thereby, plaintiff was not prejudiced, because in Smith v. Gillis, 51 Okla. 134, 151 Pac. 869, it is held that:

"The failure of the court to submit to the jury in behalf of a defendant in an action for slander an issue which cannot arise, except upon the contingency of a verdict for the defendant upon the main issue as to his liablity in such action, is harmless error, when the verdict is against the defendant upon such main issue."

Likewise in this case, if there was any error in the instructions regarding the plaintiff's burden of proof, it was harmless error, because the jury found for the defendant on the main issue as to his liability, that is, that the said statement was true. We conclude that there was no reversible error in the instructions.

3. Again, plaintiff contends that he was penalized by the judgment for $100 in favor of the defendant, and that the same is contrary to the law and the evidence. Said section 500, supra, regulating minimum judgment as to defendant, is:

"* * * And if there be a verdict in favor of the defendant, and the jury find that the action was malicious or without reasonable provocation, judgment shall be rendered against the plaintiff and in favor of the defendant for his costs including an attorney's fee of $100."

The court embodied the above in the instructions. The jury found for the defendant, and the verdict provides: "and fix the amount of his recovery in the sum of $100 as attorney fees and costs." In the journal entry of judgment it is recited that the jury finds that the commencement of the action by the plaintiff was malicious and without reasonable cause. We think this verdict was a finding that the action was either malicious or without reasonable provocation on the part of the plaintiff. Instead of providing in the verdict that the recovery should be $100 as attorney's fee and costs, the jury could have made a specific finding that the action on the part of the plaintiff was malicious or without reasonable provocation, and in either event, it was the duty of the court to render judgment for said sum and costs.

In Smith v. Gillis, supra, it is said, in substance, that the defendant's right to have determined whether the action was malicious or without reasonable provocation, arises out of, and is wholly dependent upon, the verdict in his favor upon the issue of his liability for the slander charged. The question of malice or reasonable provocation of plaintiff in bringing this action was submitted to the jury by the instructions referred to above, and there was ample evidence to sustain this finding, and also the finding on the main issue.

Judgment affirmed.

By the Court: It is so ordered.