## MONAHAN v. CORNELSON.

No. 13624.  Opinion Filed Sept. 30, 1924.
Rehearing Denied Feb. 2, 1926.

C. B. Woods and Horton & Horton, for plaintiff in error.

Tom E. Willis and Simons, McKnight & Simons, for defendant in error.

SHACKELFORD, C.  The plaintiff in error was the defendant below, and the defendant in error was the plaintiff.  The parties will be designated herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff, by his petition, sought to recover damages from the defendant because of certain alleged slanderous statements published by the defendant of and concerning the plaintiff.  The cause was tried to a jury on the 18th of January, 1922, resulting in a verdict for plaintiff for the sum of $100 actual damages. and the sum of $400 exemplary damages. The defendant prosecutes ap-

peal, and presents his assignments of error under the following propositions:

(1) The court erred in overruling defendant's demurrer to the plaintiff's petition.

(2) The court erred in holding that the petition charged facts sufficient to warrant recovery of exemplary damages.

(3) The court erred in his instructions to the jury.

(4) The court erred in subimtting the question of exemplary damages to the jury.

(5) The verdict and judgment are contrary to the law and the evidence.

The plaintiff's petition, as presented, alleged three separate causes of action. The petition, in effect, charges that the defendant did, on divers and sundry occasions, some of the time and places being definitely fixed and described, publish and state, to various persons, some of whom are named, that the plaintiff either burned the threshing machine of Albert Smith, or hired or influenced someone else to do it. That such statements made by the defendant were false and malicious, and were made for the purpose of charging the plaintiff with the crime of unlawfully and wrongfully destroying the machinery of his neighbor, or unlawfully and wrongfully procuring some other person to set fire to and destroy the machinery. Injury and damage is alleged in the sum of $30,000, and judgment is prayed for that amount, and for $15,000 exemplary damages. The contention is made by the defendant that the allegations of the petition are insufficient to charge that the defendant had published of and concerning the plaintiff that he had committed a crime. In this particular the defendant seems to be in disagreement with our own statutes. Section 1501, Comp. Stats. 1921, is as follows:

"Crime Defined. A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, either of the following punishments: First. Death. Second. Imprisonment. Third. Fine. * * *"

Crimes are classified in section 1502, Comp. Stats. 1921:

"Crimes Classified. Crimes are divided into: First. Felonies. Second. Misdemeanors."

Section 1503, Comp. Stats. 1921, defines what acts shall constitute felonies, and by the next section all other crimes are classified as misdemeanors. Section 2232, Comp. Stats. 1921, reads:

"Malicious Mischief. Any person who maliciously injures, defaces or destroys any real or personal property not his own * * * is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof."

Section 1508, Comp. Stats. 1921, provides that where a different punishment is not prescribed for a misdemeanor, "every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding one year or by a fine not exceeding $500, or both such fine and imprisonment."

The plain import of the allegations of the petition is to charge that the defendant published of and concerning the plaintiff that he set fire to and destroyed property of another, or that he had procured another person to commit the act. If plaintiff had done the thing the defendant published concerning him, plaintiff had violated a statute of our state and was subject to be punished by a fine of not to exceed $500 or by imprisonment in the county jail not to exceed one year, or by both fine and imprisonment and in addition thereto was civilly liable to the owner of the property destroyed for treble its value. The petition is sufficient as against a general demurrer to allege that defendant had published concerning the plaintiff that he had committed a crime. He alleged damages generally in the sum of $30,-000. The petition states facts sufficient to constitute a cause of action for slander under our statutes. Section 496, Comp. Stats. 1921, defines slander:

"Slander Defined. Slander is a false and unprivileged publication other than libel, which: First. Charges any person with crime. * * *"

In Smith v. Gillis, 51 Okla. 134, 151 Pac. 869, this court held that words used are to be taken in their natural and obvious sense. And it was held in that case that where the defendant had falsely stated of and concerning the plaintiff that he swore a lie. it would amount to slander, and was actionable per se. The petition is sufficient and it was not error to overrule the defendant's demurrer thereto.

The defendant contends that the court erred in holding that the petition charged facts which would justify recovery of exemplary damages. The petition alleges that the statements were falsely and maliciously made, not once, merely, but many times and to divers and sundry persons, and were falsely made for the purpose of charging the plaintiff with the commission of a crime, and made with the intent to injure the

plaintiff. Section 5975, Comp. Stats. 1921, provides that:

"* * * Where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

We think the pleading was sufficient to require submitting to the jury the question of exemplary damages, if the proof would justify it.

Under the third and fourth propositions defendant complains of certain instructions given. Three instructions are complained of. The first of these instructions had the effect of telling the jury that if the defendant had made the statements substanti lly as alleged they would amount to charging the plaintiff with the commission of a crime, and would amount to slander. The defendant says that this instruction is wrong if his theory is correct. The theory he contends for is that no language published amounts to slander unless it has the effect of charging that the plaintiff was guilty of a crime amounting to a felony, and to which is attached punishment by confinement in the state prison. Our own statutes destroy this theory. The statutes define what constitutes crime, and provide that falsely charging a person with the commission of a crime shall constitute slander. We have seen that the language used had the effect of charging the plaintiff with having violated a provision of the criminal code, to which is attached a punishment by fine or imprisonment or both, and that certain civil liability attaches also. The plain provision of the statute is that a false charge of having committed a crime amounts to slander; and it was held in Smith v. Gillis, supra, that such a false charge is actionable per se. The instruction clearly followed the statute. and the holding of this court, and was not erroneous.

The next instruction complained of had the effect of telling the jury that if the defendant falsely uttered the statements of and concerning the plaintiff, that they amounted to slander and were actionable, and that the law presumes that they were maliciously uttered with intent to injure, and further told the jury that express malice or ill will may be inferred from words spoken. The instruction leaves it to the jury to determine, as a question of fact, whether the statements were made and uttered under such circumstances that malice might be inferred by the jury from the utterance there-

of. The language to which our especial attention is directed is:

"And I further charge you in this connection, that express malice or ill will need not be proved, but may be inferred from words spoken."

It is not easy to see error in this language. It would, perhaps, never be competent to prove by any witness that the defendant in a slander case uttered the statements against the plaintiff with malice or ill will in his heart. Such evidence would be an invasion of the province of the jury, and would be substituting the opinion of the witness as to whether there was malice or ill will. Ordinarily no witness should be permitted to testify that a defendant was acting and speaking with malice or ill will toward the plaintiff. The witness can tell what, when, to whom and under what circumstances the utterances were made, but it must necessarily be left to the jury to draw the conclusions as to whether there was malice or ill will in the mind of the speaker against the plaintiff. If express malice should be required to be proven by witnesses directly, as opposed to or aside from inferences to be drawn, express malice could, perhaps, never be proven in a slander case. Since malice or ill will must be determined from what was said, where, when, to whom and under what circumstances the utterances were made, it is not an erroneous or misleading statement of the law to advise the jury that malice need not be expressly proven, but may or may not be inferred from the words spoken. The court did not tell the jury to infer malice or ill will but told them that if the defendant had uttered words concern'ng the plaintiff, in effect charging him with the commission of a crime, malice may be inferred from the utterance of the words. This was a correct declaration of law.

Another instruction is complained of because the instruction submits to the jury the question of exemplary damages. The instruction told the jury that if they found that the defendant, in making such charges against plaintiff, was guilty of oppression, fraud or malice, actual or presumed, they might or might not allow exemplary damages if they found actual damages for the plaintiff. This instruction is in the language of our statute which authorizes the allowance of exemplary damages. (Section 5975, Comp. Stats. 1921.) The instruction submitting the question of exemplary damages was a correct declaration of the law.

We have carefully examined all the instructions given by the court, in connection with the pleading and the evidence adduced at the trial. The instruction properly submitted the conflicting contentions, and the evidence adduced. The instructions complained of are not open to the criticism made, and are correct declarations of law.

The defendant contends that the verdict and judgment are contrary to the law and the evidence, and for that reason the motion for a new trial should have been sustained. We have seen that the law of the case was properly submitted to the jury by the instructions given by the trial judge. No contention is made that the jury in any way disregarded the instructions given. This assignment of error presents nothing in addition for consideration and review, so far as the law of the case is concerned.

The defendant contends that the verdict and judgment are contrary to the evidence. The answer of the defendant admitted that he had made the charges against plaintiff substantially as alleged in the petition, and justified the charges by alleging that the charges made were true. The trial had was for the most part upon the issue made as to whether or not the charges made against plaintiff by defendant were true. The evidence is practically all one way, and tends strongly to establish that the charges made against plaintiff were untrue. The defendant relies confidently upon an affidavit made by Maurice Swanner that he had been hired by the plaintiff to burn the threshing machine, to establish the truth of the defendants' charges against plaintiff. This affiant was present at the trial, and was called as a witness by the defendant, and testified positively that plaintiff did not employ him to set fire to the property which was destroyed, and that he (affiant) had nothing to do with burning the property. He was questioned by the defendant about the affidavit, and his testimony is to the effect that he swore falsely in making the affidavit, and was telling the truth upon this trial. The affidavit does not rise to the plane of substantive testimony to establish the truth of the charge made against plaintiff. Its only usefulness was to contradict the witness and show that he had falsified under oath in one instance or the other. Had the plaintiff called the affiant as a witness, and he had then testified that he was not employed by the plaintiff to burn the property, and did not himself set the fire, the affidavit might have been effective, on cross-examination, to show that he had made a different and contradictory statement under oath, but the sole purpose which the affidavit could perform would be to contradict and impeach the witness, and could not be accepted as tending to establish the truthfulness of the statements therein contained. We are unable to follow the reasoning of the defendant in confidently asserting that the affidavit establishes the truthfulness of the charges made by defendant against plaintiff. The record discloses that the sufficiency of plaintiff's testimony was not questioned upon the trial. It has been repeatedly held by this court that an assignment of error that the verdict and judgment are not supported by the evidence presents nothing for review where the question of the sufficiency of the evidence was not raised by demurrer or by motion for a directed verdict. The defendant neither interposed a demurrer to the plaintiff's evidence, nor moved for a directed verdict.

We have carefully examined the evidence adduced at the trial, and find that not only does the plaintiff's evidence tend strongly to show that the charges made against plaintiff by the defendant were untrue, but also the evidence offered by the defendant tends to establish the untruthfulness of his charges. The verdict returned for plaintiff is, in effect, a finding by the jury that the charges made by defendant against plaintiff were false, and maliciously made for the purpose of injuring the plaintiff. The evidence, as shown by the record, amply supports such finding.

The defendant confidently asserts in his brief that the judgment must be reversed. But a careful examination of the record fails to disclose errors upon the trial either justifying or requiring a reversal of the judgment. The petition sufficiently alleged that defendant had slandered plaintiff. The evidence tends strongly to establish the allegations of the petition, and amply supports the verdict and judgment. The instructions given by the learned trial judge submitted in a very able manner the law of the case to the jury. We find no error in the record. Defendant was not denied any substantial right upon the trial.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.