SOUTHWESTERN COTTON SEED OIL COMPANY v. J. B. STRIB-
LING, *as surviving partner of the firm of* SMITH & STRIBLING

(Filed February 15, 1907.)

1. DAMAGES—Measure of—Breach of Contract. The measure of
damages for the breach of an obligation arising from contract,
except where otherwise expressly provided, is the amount which
will compensate the party aggrieved for all the detriment prox-
imately caused thereby, or which in the ordinary course of things
would be likely to result therefrom.

2. SAME—Same Instructions. Where an action is founded upon
the breach of an oral contract, it is error for the court to fail to
charge the jury as to the different elements of damages, and to
prescribe a rule whereby the jury may clearly ascertain and fix
the damages that are recoverable.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before*
*B. F. Burwell, Trial Judge.*

*Flynn & Ames,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

STATEMENT OF FACTS.

This was an action brought in the district court of Ok-
lahoma county, by Smith & Stribling, as partners, against
the Southwestern Cotton Seed Oil Company, to recover dam-
ages alleged to have been sustained on account of an alleged
breach of an oral contract to supply sufficient water for

27—Vol 18

plaintiffs' cattle, which were being fattened for market at the oil mill of the defendant company.

The plaintiffs alleged in the petition that on the —— day of November, 1900, an oral agreement was entered into between the plaintiffs and the defendant, whereby the plaintiffs were to place in the cattle pens of the defendant an additional number of six or seven hundred head of cattle, said delivery to commence during the first part of December, 1900, subject to, and upon, the same terms and conditions as contained in a written contract theretofore made, and which was made a part of the petition, except that the defendant was to furnish the plaintiffs a sufficient quantity of cotton seed meal to feed said cattle during a period of four months at the price of seventeen dollars, instead of eighteen dollars, per ton; and that said defendant should, in all events, furnish to the plaintiffs, for the use of said cattle, a sufficient quantity of water. That pursuant to said contract the plaintiffs placed in said pens for feeding about six hundred and nineteen head of cattle. The plaintiffs had two hands and one team employed to feed and look after said cattle. That the same were well cared for and in a growing and fattening condition until March, 1901, when the contract was broken by said defendant, in this, that through its authorized agents and employes, on said date, and while the plaintiffs were absent, it shut off the water supply necessary for the use of the cattle, and said cattle were left with practically no water during the 9th, 10th, 11th, and until the evening of the 12th of March, 1901, when the plaintiff J. B. Stribling returned, and, at his own expense, took the necessary steps to have a sufficient supply

of water furnished to said cattle. That during the four days period the cattle were without water by reason of the fault and negligence of the defendants and its agents and employes, the cattle became sick, and sustained permanent injuries, for which the plaintiffs claim damages in the sum of $3379.69.

To this petition, the defendant filed an answer, admitting the execution of the written contract which was attached to the petition, and denying each and all other material allegations contained therein. Subsequently the defendant filed an amended answer, in which it admitted that on the ——— day of November, 1900, an oral contract was entered into, by which the defendant agreed to sell the plaintiffs cotton seed meal and hulls to feed six or seven hundred head of cattle, in addition to those contracted for as provided in the written contract, which was attached to and made a part of the plaintiffs' petition, and that said feed was sold upon the same terms and conditions as contained in said written contract, except that the price of meal was fixed at seventeen, instead of eighteen dollars per ton. But the defendant denied that there was any agreement on its part that it should in all events furnish the plaintiffs for the use of said cattle a sufficient quantity of water, as alleged in said petition. The defendant further specifically denied each and every other allegation contained in the petition.

To the answer of the defendant, the plaintiffs filed a reply, denying all the new matters set forth in the amended answer inconsistent with their petition.

Before the trial came on, the plaintiff Smith died, and

the case was continued in the name of the surviving partner, J. B. Stribling.

Upon the issues thus joined the cause was tried to a jury, and a verdict rendered in favor of the plaintiff, assessing the amount of his recovery at $1500.00. The court entered judgment in accordance with the verdict_of the jury. Motion for a new trial was filed in due time by the defendant which was overruled, exception saved, and the cause brought here for review.

Opinion of the court by

HAINER, J.: This action was founded on the breach of an oral contract, and it devolved upon the plaintiff to prove by a preponderance of the evidence the following material facts: (1) That an oral contract was entered into between the plaintiff and defendant, as alleged in the petition: (2) That there was a breach of said contract, in this, that the defendant failed to supply a sufficient quantity of water for the plaintiffs' cattle, pursuant to the contract: (3) That in consequence of such breach the cattle became sick, and deteriorated in value, and that by reason thereof the plaintiff sustained damages.

Among the errors assigned and argued by the plaintiff in error is that the court erred in its charge to the jury as to the measure of damages. On this branch of the case the court instructed the jury as follows:

"And as to the measure of damages which the plaintiff would be entitled to recover in this case, if he is entitled to recover any, you are instructed that the measure of damages, or the amount which the plaintiff would be entitled to recover is the amount which will compensate him for all of the

detriment proximately caused by the failure of the defendant to furnish water, if you find that it failed to furnish it, whether the injury could have been anticipated or not."

This instruction was evidently based upon section 2637 of the statutes of 1893, which provides as follows:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

But this section of our statute has no application to an action founded upon a breach of a contract. This provision of the law is applicable to actions arising in tort.

Sections 2618 prescribes the general rule as to the measure of damages in an action based upon the breach of a contract, and is as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

It will thus be seen that the instruction of this court was clearly inapplicable to the case, and, in fact, was in conflict with the theory upon which the case was tried to the jury.

The court should not only have instructed the jury as to the statutory measure of damages applicable to this action,

but he should, in addition thereto, have charged the jury as to the elements of damages which were recoverable.

In *Willet v. Johnson,* 13 Okla. 563, Mr. Justice Pancoast, speaking for the court, states this rule in the following language:

"We think that in every damage suit, the court ought to furnish the jury a rule by which to measure and fix the damages, and this rule ought to cover the different elements for which compensation may be awarded."

We think the instruction in this case was misleading, and that the entire charge to the jury failed to prescribe a rule whereby the jury could clearly ascertain and fix the measure of damages recoverable if they found the issues for the plaintiff: Hence, we think that the instruction was clearly erroneous, and requires a reversal of the cause.

Other errors are assigned and argued, but we deem it unnecessary to consider them, as a new trial must be awarded. The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.