## KUYKENDALL v. CALDWELL.

No. 6327.    Opinion Filed December 21, 1915.

(153 Pac. 874.)

1. **DAMAGES—Breach of Contract—Measure—Statutes.** The measure of damages for breach of contracts is prescribed in section 2852, and for breach of contracts for the payment of money alone by section 2853, Rev. Laws 1910.

2. **SAME—Failure to Pay Money.** Where, in an action for damages for breach of contract, it is charged that the defendant purchased certain horses and agreed to deliver a good note for the purchase price, and the note delivered was of no value, and the jury finds for the plaintiff, **held**, that this is an action for breach of a contract for the payment of money, and the measure of damages is the amount written in the note, and interest thereon.

(Syllabus by Galbraith, C.)

*Error from District Court, Grant County;*
*W. M. Bowles, Judge.*

Action by S. J. Caldwell against Ora L. Kuykendall and others. Judgment for plaintiff, and the defendant named brings error. Reversed.

*Sam P. Ridings,* for plaintiff in error.

*W. H. C. Taylor,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is prosecuted for the purpose of bringing up for review the judgment of the trial court rendered upon the verdict of a jury, in an action for damages claimed on account of a breach of a contract. The plaintiff in error assigns the following errors:

"(1)   That the court committed error in overruling and denying the demurrer to the petition of the plaintiff. (2) That the verdict of $604.54 is excessive, as $225 is the highest amount that there is any credible evidence to sustain, and the same could only have been given under passion and prejudice. (3) That instruction No. 7 as given on page 127 of the record is erroneous, as it places the burden of proof on the defendant to show that he did not enter into an agreement to defraud the plaintiff."

There is a cross-petition by the defendant in error, in which errors are assigned as follows:

(1).   "Said court erred in overruling the motion of said S. J. Caldwell for a new trial." (2) "The court erred in refusing to render judgment in said cause in favor of said S. J. Caldwell in the sum of $2,000 and interest, the amount due upon the note and agreement sued upon in said action."

The facts are, briefly, as follows: The action was commenced by Caldwell, the defendant in error, against the plaintiff in error, O. L. Kuykendall, and W. H. Bougher and F. D. Venum. Service was only made on Kuykendall, and he alone appeared in the action. It was alleged in the petition that the plaintiff was 74 years old, and infirm and unfamiliar with the technicalities of commercial law, and that the three defendants, knowing his

infirmity and intending to take advantage thereof, entered into a conspiracy to cheat and defraud him, in this: That they conspired together and induced him to enter into a contract to sell two young horses, prized very highly as promising racing stock, and valued at $2,000; that they agreed to give him for the horses a promissory note in the sum of $2,000, which note was to be executed by the defendant Venum, and endorsed by the defendant Kuykendall; that a note so executed and indorsed was of the value of $2,000; that they obtained the horses and delivered a note executed by Venum for $2,000 and indorsed by Kuykendall, "without recourse"; that the note delivered was worthless, but the plaintiff, relying on the agreement of the parties, believed that the note had been indorsed by Kuykendall so as to make him liable thereon, he being financially responsible; and that therefore the plaintiff was damaged in the sum of $2,000, the amount of said note.

There was a denial of the conspiracy by Kuykendall, and he alleged, further, that he had no interest in the transaction, and was simply an accommodation indorser of the note, and that, if there was any fraud in the transaction, he was not a party to it, and had no knowledge of it. The cause was submitted to a jury upon the issues raised by the pleadings and the evidence, and the jury returned a verdict for the plaintiff in the sum of $604.54. Both parties were dissatisfied with the verdict and filed motions for new trial, which were overruled, and a judgment entered on the verdict, from which the appeal has been prosecuted.

As to the first assignment of error urged by the plaintiff in error, that the court erred in overruling the

demurrer to the petition on the ground that it did not state a cause of action, it is only necessary to say that the petition did state all the necessary elements in an action for damages for breach of a contract, and it was not error in the court to overrule the demurrer.

The second assignment of error is that the verdict is excessive, in that the testimony did not warrant a finding in the amount thereof, inasmuch as the highest value placed upon the horses for which the note was given by any witness was $225, and this amount therefore, was the maximum amount for which the evidence would sustain a verdict. With this contention we cannot agree. It seems that the court in its instruction to the jury directed them that the measure of damages was the reasonable market value of the horses exchanged for the note. This instruction, although unexcepted to, does not correctly state the rule of law controlling the measure of damages in this character of action. The proper measure of damages in an action for breach of contract or obligation for the payment of money is fixed by statute. Sections 2852 and 2853, Rev. Laws 1910. Section 2852 reads:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

Section 2853 is as follows:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

See, also, *Southwestern Cotton Seed Co. v. Stribling,* 18 Okla. 417, 89 Pac. 1129; *Aylesbury Mercantile Co. v. Fitch,* 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573.

This action was for breach of a contract, and really a contract for the payment of money; that is, the plaintiff below claimed that the defendants agreed to furnish him a good note for $2,000 in payment for his horses, and that the note they furnished him was of no value at all. Therefore he was damaged in the sum written in the note agreed to be furnished. The jury found for the plaintiff. Under that finding, if they had been correctly charged as to the measure of damages, their verdict should have been for $2,000 and interest, as the note provided. It therefore appears that the judgment rendered is not excessive, inasmuch as it is much less than the verdict should have been and perhaps would have been, if the jury had been properly instructed as to the measure of damages.

Again, it is urged against instruction No. 7 that it placed the burden of proof on the defendant to prove that he did not enter into a conspiracy, and that he did not have any personal interest in the transaction. This instruction, it seems to us, is not subject to the criticism leveled against it by counsel. The first part of the instruction embraces a clear and concise statement of the contention of the defendant. This is followed by an express direction to the jury that if they believe from the evidence that Kuykendall did not have an understand-

ing with his codefendants, and that he did not have any interest in the trade, the verdict should be for the defendant. The jury were directed in this instruction, in plain and unambiguous language, that if they believed from the evidence the defendant's contention, then they should find for him. This instruction, considered with the others given by the court, is not objectionable. It therefore appears that none of the assignments of error urged by the plaintiff in error are well taken.

Now, as to the assignments of the defendant in error, it seems that they are both well taken, in this: That the court erred in denying the defendant in error's motion for a new trial, and also erred in refusing to instruct the jury as to the proper measure of damages in the case, as prescribed by the statute, and in misdirecting them as to the measure of damages. This is one case in which the prayer of both plaintiff and defendant in error may be granted. They are both asking for a new trial.

We therefore recommend that the judgment appealed from be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.