## BRISCOE v. JOHNSON.

No. 9308—Opinion Filed Oct. 22, 1918.

Rehearing Denied Nov. 19, 1918.

(176 Pac. 214.)

1. **Breach of Contract — Measure of Damages.**

The measure of damages for the breach of an obligation arising from contract, except when otherwise expressly provided, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom.

2. **Damages—Penalty—Instruction.**

The giving of an instruction in an action based on the breach of an obligation arising from contract, which recognizes the right of one of the parties to said contract to retain money advanced as a part of the purchase price of property as a forfeit, when the damages sustained, if any, are easily ascertainable, constitutes reversible error.

(Syllabus by Davis, C.)

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by W. M. Briscoe against John E. Johnson. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Joseph C. Stone, Chas. A. Moon, and Francis Stewart (McCombs & McCombs, of counsel), for plaintiff in error.

W. L. Curtis and Thos. J. Watts, for defendant in error.

Opinion by DAVIS, C. The parties to this action appeared in the lower court as they appear here; that is, the plaintiff in error as plaintiff, and the defendant in error as defendant.

On the 21st day of December, 1915, the plaintiff and defendant entered into a written contract for the sale of certain cattle by the defendant to the plaintiff. The contract is in words and figures as follows:

"Muldrow, Okla., Dec. 21, 1915.

"This indenture witnesseth a contract, entered into at Muldrow, Sequoyah county, Oklahoma, this 21st day of December, 1915, by and between John E. Johnson of Muldrow, Oklahoma, party of the first part, and Ed. C. Baldridge of Porter in Wagoner county, Oklahoma, party of the second part, witnesseth: That the party of the first part hereby sells to party of the second part 100 head of cows and three years old, more or less, with a cut on the same of 10%, at thirty-five dollars per head.

"Also 300 head of ones and twos, more or less, with all cripples, blinds & big jaws cut out, with an additional cut on same of 10%, at the price of twenty-two dollars and fifty cents per head.

"Party of the second part pays party of the first part this day the receipt of which is hereby acknowledged on said cattle $1,000.-00. the balance to be paid to party of the first part on the delivery of the cattle. Party of the first part agrees to deliver said cattle, in the stockyards of Muldrow, Oklahoma, not later than Thursday, December 30, 1915.

"(Signed) John E. Johnson, Party of the First Part. W. M. Briscoe, by Ed. C. Baldridge, Party of the Second Part."

Plaintiff and defendant could not reach an

agreement on the cattle to be delivered to the plaintiff by defendant. The contention of the plaintiff is that defendant wanted him to take a number of calves, and that he refused to accept them for the reason that they were not such cattle as are described in the foregoing contract. The contention of the defendant is that he tendered the cattle to plaintiff, and that the cattle thus tendered met the requirements of said contract. As a result of this disagreement, the plaintiff instituted an action for damages against the defendant, and as grounds therefor alleged that defendant had breached the terms of said contract. Plaintiff claimed as damages the sum of $1,000 that had been paid defendant as a part of the purchase price of said cattle, and also the sum of $60 as expenses incurred in attempting to carry out the contract.

The defendant answered and admitted the execution of the contract sued on and the receipt of the $1,000. The defendant also filed a cross-petition, in which it is alleged that, when the $1,000 was paid, there was oral agreement and contract by the terms of which it was agreed that the $1,000 should stand as a forfeit for the good faith of the plaintiff to carry out the provisions of the contract, and that, by reason of the failure of the plaintiff to carry out the terms of said contract, the defendant was entitled to the said $1,000 as liquidated damages. It is also alleged in the cross-petition that defendant was compelled to sell said cattle for the sum of $750 less than the plaintiff was to pay; that he was put to the trouble of gathering up said cattle, and the necessary expense incident thereto was the sum of $27; that he was compelled to feed said cattle for a period of 12 days at a cost of 10 cents per head per day, and that the expense of feeding said cattle for said period of time amounted to the sum of $480, making a total amount of $1,257 damages that he suffered by reason of the breach of the contract on the part of plaintiff; and that he was entitled to a judgment against plaintiff for the sum of $257 in addition to the $1,000 already received by him.

Plaintiff filed a reply to the foregoing answer and cross-petition, and on the issues thus formed the cause was submitted to a jury, and a verdict returned in favor of the defendant. A motion for a new trial was filed and overruled. From the action of the court in overruling said motion, an appeal has been prosecuted to this court by a petition in error.

There was a direct conflict in the testimony offered at the trial as to the transactions occurring between plaintiff and defendant relative to the foregoing contract. Only two witnesses testified, the plaintiff and defendant, and their testimony is so conflicting as to the material points raised by the pleadings that it would be impossible to reconcile it.

The material assignment of error relates to the instruction of the court as to the measure of damages that should be applied in this case. Over the objection of the plaintiff, the court gave the following instruction as to the measure of damage to be applied, which is as follows:

"In the event your verdict should be for the defendant, and you find from the evidence that the defendant was damaged by the failure or refusal of the plaintiff to accept and pay for the cattle, then the measure of defendant's damages would be the difference between the fair and reasonable market value of said cattle and the contract price which plaintiff was to pay for said cattle, together with the necessary expenses defendant incurred by reason of plaintiff's refusal to accept the cattle, less the $1,000 received by the defendant on the date of the contract; and if you find that defendant's damages do not exceed $1,000, in the event you find in favor of the defendant, then your verdict will be, 'We find the issues in favor of the defendant.' "

The plaintiff requested the court to give the following instruction on the measure of damages to be applied, which instruction is as follows:

"You are further instructed that the defendant in this case admits the execution of the contract and the payment of the $1,000 on the purchase price of the cattle, and claims that he offered to deliver to the plaintiff the cattle called for by the terms of the contract, and that plaintiff refused to receive said cattle and pay the balance of the purchase price, and that within a few days he sold all the cattle to another person, and further claims that he was damaged by reason of plaintiff's refusal to accept and pay for the cattle when offered to him. If you find from the evidence that the defendant's claims in this respect are true, and that he was damaged by reason of plaintiff refusing to accept the cattle, but find that his damages so sustained did not amount to $1,000, the amount paid him by the plaintiff, then you should find for the plaintiff for the difference between defendant's damages and the $1,000."

It was error for the court to give the instruction heretofore set out and objected to by the plaintiff, for the reason that the measure of damages therein stated is incorrect and highly prejudicial to the rights of the plaintiff. It is impossible to read the in-

struction without reaching the conclusion that the trial judge had in mind that the defendant was entitled to the $1,000 as a forfeit, if the jury should find in favor of the defendant. Under this instruction, if the jury had reached the conclusion that there were only $10 damages suffered by the defendant, yet under the instruction of the court they would have been compelled to return just such a verdict as was returned in this case. Regardless of the amount of damages that might have been sustained by the defendant, if the jury found in his favor, the plaintiff must of necessity, under the instruction of the court, lose the $1,000 already advanced.

Under no theory of this case is the defendant entitled to the $1,000, or any part of it as a forfeiture. Section 975 of Revised Laws of Oklahoma, 1910, provides as follows:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

The uniform construction of the foregoing statute is that it forbids one party from taking advantage of another by holding or claiming money advanced on a contract as a forfeiture. Haier v. McDonald et al., 21 Okla. 470, 96 Pac. 654.

There is no contention that the damages resulting from the breach of this contract are not easily ascertainable. Section 2852, Rev. Laws 1910, states the measure of damage that should have been applied in this case. This section is as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."

The special instruction offered by the plaintiff and refused by the court is a correct statement of law as to the measure of damages applicable to the facts in this case, and the refusal of the court to give this instruction constitutes error which requires a reversal of this cause. Southwestern Oil Co. v. Stribling, 18 Okla. 417, 89 Pac. 1129.

Other errors are assigned and argued, but we deem it unnecessary to consider them, as a new trial must be awarded.

We therefore recommend that said judgment be reversed, and the cause remanded to the district court of Sequoyah county, Oklahoma, for a new trial.

By the Court: It is so ordered.