MORGAN, BALDWIN & CO. v. KANOLA OIL & REF. CO. et al.

No. 14625—Opinion Filed May 7, 1924.

(Syllabus.)

1. **Principal and Agent—When Principal not Chargeable with Knowledge Gained by Agent.**

A principal is not chargeable with knowledge of his agent gained in the performance of acts not done on behalf of his principal but for and on his own personal behalf, and in matters where the agent's interest is adverse to that of his principal.

2. **Corporations—Sale of Stock—Breach of Contract—Right of Action — Lack of Privity of Contract.**

H. R. was a silent member of a partnership engaged as broker in the business of buying and selling stocks. Without disclosing such facts to K., he entered into a written contract with K. to buy K.'s shares of stock for himself, individually. K. at all times asserted that its contract was with H. R. individually, and that the partnership had no interest therein. Thereafter the partnership's successor in business entered into a written contract with H. R., acknowledging H. R.'s ownership of such original contract and buying from him the identical shares of stock which he contracted to buy for himself under the original contract with K. Held, that the partnership's successor avoided the burdens and waived its right to claim the benefits of the original contract; that there is no privity of contract between it and K., and that it cannot maintain an action against K. for damages for breach thereof.

3. **Same—Contracts — Uncertainty of Price —Damages for Breach.**

Where two parties enter into a written agreement by which one contracts to sell to the other certain shares of stock at a price not therein fixed, and it is therein provided that the parties will thereafter agree upon the price to be paid for such stock, and where such parties do not thereafter agree upon such price and no payments have been made thereon, damages for breach thereof cannot lawfully be measured and determined, and therefore the purchaser cannot maintain an action against the other party for his failure to deliver stock sold thereunder.

4. **Appeal and Error — Harmless Error—Dismissal of Item of Damages.**

When, in a trial before a court and jury,

neither the pleadings nor the proof is sufficient in law to entitle the plaintiff to recover one particular item of damages sought by the plaintiff, it is not reversible error for the court on the motion of the defendant to order said item dismissed and to instruct the jury to confine its consideration to the other items of damages involved in the case, and upon such verdict rendered accordingly, to enter its judgment denying the plaintiff the right to recover such item.

### 5. Appeal and Error—Harmless Error—Instructions.

A party on appeal will not be heard to complain of erroneous instructions given by the court in submitting the case to the jury, when under the law and facts the court should have directed a verdict against such party, and when it is apparent that on another trial such party could not lawfully recover.

Error from District Court, Tulsa County; Frank Mathews, Judge.

Action by Morgan, Baldwin & Company against the Kanola Oil & Refining Company, and others. From judgment for less than claimed, plaintiff brings error. Affirmed.

Thos. H. Owen, V. H. Biddison, and Biddison & Ladner, for plaintiff in error.

R. C. Allen, for defendants in error.

LYDICK, J. The Kanola Oil & Refining Company, an express trust, on November 1, 1919, entered into a written contract with Harlan Read, the only portions of which contract material here are as follows, to wit: First, that the company sold to Harlan Read 100,000 shares of its stock at 50 cents per share; second, that it sold to Harlan Read another 100,000 shares at 60 cents per share; third, that it sold to Harlan Read an additional 255,000 shares at a price which they therein contracted to agree upon at a later date; fourth, the company agreed that it would "furnish such statements and information as the party of the second part (Harlan Read) may from time to time request and the party of the first part further agrees to render such service as may be necessary before the various blue sky departments of the various states in which the party of the second part may offer stock of the party of the first part for sale." The contract provided for the delivery and payment of the purchase price of said shares on definitely specified dates. Morgan, Baldwin & Company, a corporation, brought this suit against the company et al. for damages for breach of this contract. It alleges that on the date Harlan Read made this contract, he was a silent member of a partnership

known as Baldwin & Company, engaged in the line of business covered by this contract, and that the contract was taken in his name in trust for the benefit of the partnership, and that in fact and for the reasons stated, the partnership was the real owner of the interest in the contract taken in the name of Harlan Read. The plaintiff then alleges that the partnership of Baldwin & Company was succeeded by and its interest in this contract passed unto another partnership, known as Morgan, Baldwin & Company, and this last-named partnership was succeeded by and its interest in this contract passed unto a corporation bearing the same name, to wit, Morgan, Baldwin & Company, which is the plaintiff here. The plaintiff alleges that from the date of the contract until about July, 1920, the first 100,000 shares of stock were delivered and paid for under that contract, although not within the time specified therein nor in literal accord with the terms thereof. The plaintiff then alleges that in July, 1920, the Kanola Oil & Refining Company declared this contract was with Harlam Read individually, and denied that Morgan, Baldwin & Company had any privity of contract with it, and that it declined to perform under said contract under any orders or directions from Morgan, Baldwin & Company, and demanded that it perform only with Harlan Read individually. Alleging damages in the sum of $1,358,928, Morgan, Baldwin & Company brought suit to recover that sum from Kanola Oil & Refining Company.

The Kanola Oil & Refining Company made many defenses in its answer, but it is necessary to note only the following, to wit: It pleaded that the contract was one involving personal confidence and skill, and was made by it with Harlan Read individually because of its confidence in him; that it did not know and never was informed until the break in the proceedings in July, 1920, that Morgan, Baldwin & Company, a corporation, or any of its above-named predecessors, claimed to own the interest of Harlan Read in this contract, or that the contract was made by Harlan Read in his individual name merely for the benefit of Baldwin & Company, a partnership. It pleaded that in all the business transacted under the contract, it understood that Morgan, Baldwin & Company, a corporation, and its predecessors were operating as brokers under a contract with Harlan Read as his personal agent and representative; that it was upon Harlan Read's orders for it to so do that it had been furnishing and delivering stock unto Morgan, Baldwin & Company and its predecessors, believing

them to be brokers for Harlan Read. The Kanola Oil & Refining Company also alleged that the contract was of such a nature that Harlan Read could not by assignment or otherwise transfer his interest therein to another and without its consent bind it to perform thereunder with such assignee. For both reasons stated, the Kanola Oil & Refining Company pleaded a lack of privity of contract with Morgan, Baldwin & Company, and therefore asserted that Morgan, Baldwin & Company could not maintain this suit. The Kanola Oil & Refining Company specially pleaded that no damages can be recovered for its alleged breach of contract to deliver the 255,000 shares, for the reason that no price was fixed for these shares and no price ever agreed upon thereafter, and therefore no damages could be computed. The case was tried to a jury. When all the evidence of the plaintiff was in, the court dismissed the plaintiff's claim for damages for failure to deliver the 255,000 shares, and at the conclusion of all the evidence submitted to the jury only the plaintiff's claim for damages for failure to deliver the remainder of the second 100,000 shares. The jury returned a verdict for plaintiff in the sum of $750 as damages, and the court rendered judgment accordingly.

The plaintiff, complaining that the amount recovered is too small and assigning as errors the instructions given by the court to the jury as to the measure of damages, et cetera, brings this case here on appeal. There is much evidence in the record of many acts and self-serving declarations of the various members of the plaintiff corporation and of its various predecessors, done in the absence and without the knowledge of officers and representatives of the Kanola Oil & Refining Company. We must hold this class of evidence was inadmissible. Harlan Read had official connection with the Kanola Oil & Refining Company. In the transaction between him and the Kanola Oil & Refining Company, in relation to this contract, his personal interests were adverse to the Kanola Oil & Refining Company, and therefore the company is not chargeable with Harlan Read's personal knowledge of his connection with Morgan, Baldwin & Company, a corporation, or its predecessors. See Maryland Casualty Company v. First State Bank of Dewar, 101 Okla. 71, 223 Pac. 701.

Let us concede for the purpose of disposing of this case, but without admitting it to be true, that Baldwin & Company, of which Harlan Read was a silent member, had the right, both by its understanding with Harlan Read and by operation of law, to claim to be the real owner of the rights given Harlan Read by his contract with the Kanola Oil & Refining Company, and in such capacity and with its own right and in its own name to enforce that contract against the Kanola Oil & Refining Company; that this contract could be assigned by Harlan Read to this partnership. if the partnership wanted to claim it, and again be reassigned ad infinitum. It must also be admitted that with these rights at its disposal, the partnership of Baldwin & Company and its successors in interest also had the right to permit Harlan Read to take this contract in his own name and to retain it for his own exclusive personal benefit, if they all desired so to do. Though he took the contract in his name for the benefit of the partnership in the first instance, the partnership had the power to waive its ownership and permit Harlan Read to retain it as his own individual property. The partnership and Harlan Read had the right thereafter to have the partnership, as one party, enter into a contract for itself with Harlan Read, as the other party, by which Harlan Read's individual ownership of that contract should be recognized and by which Harlan Read, for himself, individually, could sell to the partnership the shares of stock which he individually owned, subject to payment of the purchase price, by virtue of his individual contract with the Kanola Oil & Refining Company. The partnership had the right, especially with the consent of Harlan Read, to leave Harlan Read and the Kanola Oil & Refining Company answerable only to each other on said contract. The partnership had the right, leaving Harlan Read and the Kanola Oil & Refining Company answerable to each other, to enter into a contract between themselves, by which Harlan Read should sell to the partnership and thereby leave the partnership answerable by contract to Harlan Read only, with no privity of contract between the Kanola Oil & Refining Company and the partnership. This right of election passed to the successors of Baldwin & Company. This last course was elected by Morgan, Baldwin & Company, plaintiff herein, and it accordingly entered into a written contract with Harlan Read in his individual name, by the terms of which he, the said Read, contracted to sell and did sell to Morgan, Baldwin & Company, a corporation, all of the shares of stock which he, the said Harlan Read, individually owned, subject to payment of the purchase price under this contract with the Kanola Oil & Refining Company. Morgan, Baldwin & Company, a cor-

poration, thereby bought of .Harlan Read, as the individual owner thereof, the same shares of stock it would have already owned had it claimed the right of its predecessor, Baldwin & Company, to assert that Baldwin & Company was the real party in interest and the real grantee in said contract by reason of the theory that its silent member, Harlan Read, made the contract in his name for its benefit,. By this contract, Morgan, Baldwin & Company secured the personal liability of Harlan Read for the payment to it of damages in event he failed to deliver said shares of stock, and thereby Morgan, Baldwin & Company also avoided responsibility to the Kanola Oil & Refining Company for any failure upon its part to take said shares of stock and pay for same. There is much in the record tending to show that the accomplishment of these two ends was much desired by Baldwin & Company, and this theory seems reasonable under all the circumstances disclosed in the trial of the case. Be the motive what it may, Morgan, Baldwin & Company, a corporation, made its election as stated and there it must stand. It cannot consistently claim to be the owner of property, or of a contract, the title to which it · recognizes to be in another. With two inconsistent courses from which to select, it cannot elect to stand first upon one and then upon another. It could elect but once, and having made that election, the polls closed. It must not blow hot and cold. It cannot avoid the burdens and claim the benefits.

The acts of the Kanola Oil & Refining Company are all consistent with the theory that its contract was with Harlan Read individually and with him alone, and that it was dealing with Morgan, Baldwin & Company, a corporation, and its predecessors as mere agents and brokers representing Harlan Read. The acts of Morgan, Baldwin & Company and its predecessors are consistent with this theory, except only as the contrary appears by incompetent evidence showing declarations of the Baldwins, which they claim they had made in the absence, out of the hearing, and without the knowledge of any representative of the Kanola Oil & Refining Company. It appears that Morgan, Baldwin & Company never thought to assert to the Kanola Oil & Refining Company the contrary theory, until the break came in July, 1920, and it saw no likelihood of a suit being brought by Kanola Oil & Refining Company against it for the long and aggravated default of the grantee in taking up the stock sold under the original contract. The written contract entered into between Morgan, Baldwin & Company with Harlan Read, acknowledg-

ing Harlan Read's individual ownership of that contract, dispels all other theories, and upon that theory we should and will dispose of this case on appeal.

There being no privity of contract between plaintiff and defendant, plaintiff cannot prevail here. If it has a cause of action for damages, it is against Harlan Read. · See City of St. Louis v. Wright (Mo.) 101 S. W. 6; Monaghan v. Agricultural Fire Ins. Co. (Mich.) 18 N. W. 797; Van Buren et al. v. Lamphear (Mich.) 20 N. W. 590; Birmingham Matinee Club v. McCarty (Ala.) 13 L. R, A, (N. S.) 156; Williston on Contracts, vol. 1, p. 550, sec. 286.

The lower court, therefore, should have directed a verdict in favor of the defendant and against the plaintiff, and should have rendered judgment thereon accordingly. If the defendant had filed a cross-appeal in error here, we would vacate the judgment which the court rendered in favor of the plaintiff, but no cross-appeal is before us.

The plaintiff in the court below, as plaintiff in error here, complains of erroneous instructions .to the jury as to the proper measure of damages, and that those erroneous instructions prevented it from recovering sufficient damages. Of these instructions, it cannot complain. It was not prejudicial to the rights of the plaintiff in error to erroneously instruct the jury as to the measure of damages which it claimed, because the plaintiff was entitled to no damages at all. See Board of Co. Com. v. Cypert, · 65 Okla. 168, 166 Pac. 195. On the claim for the recovery of damages for failure to deliver the 255,000 shares, no cause of action was either pleaded or proven, for no price was fixed by contract or otherwise for which these shares were to be sold and delivered. There is no way to measure the damages. See United Press v. New York Press Co., 164 N. Y. 406, 53 L. R. A. 288; Shepard v. Carpenter (Minn.) 55 N. W. 906; Topliff v. McKendree (Mich.) 50 N. W. 109; Brigham v. Carlisle (Ala.) 56 Am. Rep. 28; Hedrick v. Smith (Tex Civ. App.) 146 S. W. 305; Denver, T. & G. R. Co., v. Hutchins (Neb.) 48 N. W. 398; Elmore, Quillan & Co. v. Parish Bros. (Ala.) 54 South. 203; Wardell v. Williams (Mich.) 28 N. W. 796; Dayton v. Stone (Mich.) 69 N. W. 515.

The action of the lower court in announcing that this item of damages was dismissed is slightly irregular. It should have stricken this item from the petition in the first instance upon motion of the defendant and should have refused to receive evidence in support thereof because the petition did

not state facts sufficient to support a recovery of said item. After having erroneously received evidence in support of this item, it should, at the conclusion of the plaintiff's case, have either stricken the evidence from the consideration of the jury, or at the proper time merely directed the jury to disregard that particular claim for damages in arriving at its verdict. What the court did was to merely announce that this item of the plaintiff's case was dismissed. In its instruction to the jury, the jury was directed to confine its consideration solely to the other items and claims for damages contained in the plaintiff's petition. The jury rendered its verdict accordingly, and thereupon the court entered its judgment effectively denying the plaintiff the right to recover as to this particular item. This part of the plaintiff's case was rightfully eliminated, but by a somewhat irregular method. We will not restore it to life for the sole purpose of putting it to immediate death by a method of execution provided by law. The error in this form of procedure is harmless to the plaintiff, for the right result was reached and the correct ultimate judgment was rendered thereon. See First National Bank of Byars v. Griffin & Griffin, 31 Okla. 382, 120 Pac. 595.

If it be said that our conclusions are made to rest only upon the technicalities of the law, we add that we have examined the entire record and read the exhaustive briefs. We have carefully viewed Morgan, Baldwin & Company, a corporation, and its fleeting, changing predecessors from the beginning to the end of the transactions with the Kanola Oil & Refining Company. They were inexperienced, without financial resources, always in default, and their inability to perform under the contract had long been apparent. Constantly begging for time, they passed the while demanding records and information sufficient to keep the Kanola Oil & Refining Company busy. The last few weeks of negotiation look very much like a designed effort on the part of these brokers to provoke the Kanola Oil & Refining Company, with its patience exhausted, into committing a breach of the contract so that these brokers, helpless to perform, might abandon the task and seek damages through the courts. The claim made in the petition for such an unconscionable amount of damages adds color to the suspected theory we have advanced.

We are decidedly of the opinion that our conclusion does full justice to the equities of the case. The judgment of the lower court is affirmed.

JOHNSON, C. J., and HARRISON, WARREN, and GORDON, JJ., concur.