## FUSS et al. v. WILLIAMSON.

No. 18319. Opinion Filed July 10, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. Breach of Contract—Measure of Damages—Statute.

The measure of damages for breach of an obligation arising from contract, except when otherwise expressly provided, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom

2. Landlord and Tenant—Measure of Damages for Breach of Rental Contract—Erroneous Instructions.

In a suit by plaintiff against defendant for damages for breach of rental contract on real estate and certain personal property

located thereon, where it appears that plaintiff cultivated said real estate for the unexpired term of said contract, under another contract with the defendant's vendee, it is error to instruct the jury that the plaintiff would be entitled to recover from the defendant the usable value of said farm and farming paraphernalia * * * for the full term of said contract; the proper measure of damages being the difference, if any, in the value of the contract between the plaintiff and the defendant for the unexpired term, and the value of the contract between the plaintiff and the defendant's vendee.

Commissioners' Opinion, Division No. 1.

Error from District Court, Grant County; James B. Cullison, Judge.

Action by O. F. Williamson against J. H. Fuss et al. for damages for an alleged breach of a rental contract covering certain real estate and the use of certain machinery and livestock. Judgment in favor of the plaintiff for the sum of $650, from which judgment defendants appeal. Reversed and remanded.

Drennan & Drennan and Breeden & Breeden, for plaintiffs in error.

J. E. Falkenberg and Sam P. Ridings, for defendant in error.

FOSTER, C. This is an action for damages for breach of a rental contract between J. H. Fuss and O. F. Williamson, by the terms of which J. H. Fuss leased to O. F. Williamson for a term of three years, beginning August 1, 1923, and ending August 1, 1926, 80 acres of land, together with certain livestock, machinery, and equipment which were located upon the land and belonging to J. H. Fuss. Williamson was to perform all the labor and furnish all other machinery, teams, livestock, and other equipment necessary for the proper cultivation of the land. The seed, except the alfalfa seed, was to be furnished by the parties jointly, and the threshing and twine bill was to be paid by the parties jointly; the alfalfa seed to be paid for by Fuss. The cattle were to be owned jointly, but at the beginning of the contract were to be weighed and the party contributing the greatest weight was to have that amount back at the end of the contract. The hogs and poultry were to be owned jointly. The increase of the live stock and the proceeds from the farm were to be equally divided between them.

According to the testimony, at the end of two years the said Fuss sold the farm, and also sold his part of the stock and machinery, tools, and equipment owned by him, with the exception of the poultry and one manure spreader, both of which were retained by Williamson, to one Montgomery, and agreed with Montgomery that he would pay him for one-third of the crop that would be produced upon the place from August 1, 1925, to August 1, 1926, unless a satisfactory arrangement could be made between Montgomery and Williamson. Williamson testified that he knew nothing about the selling of the farm, did not consent to it, nor did he consent to a sale of the personal property. He rented the farm from Montgomery for the year beginning August 1, 1925, and ending August 1, 1926, but under the terms of this contract he was to pay Montgomery $100 in cash and to receive two-thirds of the crops produced on said land; Williamson furnishing all the machinery, tools, equipment, and livestock necessary for the proper conduct of said farm. That by reason thereof he suffered damages by having to pay $100 additional for the use of the farm for the unexpired term of the contract, and had to expend additional money to buy seed, also additional expenses for keeping horses and buying additional implements in order to properly cultivate the farm, and that he was deprived of a large amount on account of a loss of profits for the increase of the stock during the year unexpired on his contract, all of which expense, under the terms of the contract, Fuss had agreed to pay, and by reason thereof the plaintiff was damaged in a total sum of about $1,500. Fuss testified that he had an oral agreement with Williamson, by the terms of which Williamson agreed to rent the farm from Montgomery for the unexpired term of the contract and accept a lease with Montgomery in lieu of the written contract between Fuss and Williamson.

The matter was submitted to a jury, who returned a verdict in favor of the plaintiff for the sum of $650, which was less than the amount testified to by Williamson that he was damaged because of a breach of the contract. From this judgment Fuss appeals. The parties will be referred to as they appeared in the trial court.

There are really but two questions presented by this appeal: (1) Was the contract canceled by agreement? (2) If not canceled by agreement, what damage, if any, was done to the plaintiff?

As to whether or not the contract was cancelled by agreement, this question was properly submitted to the jury who found that it was not canceled by agreement and defendant makes no contention that the same was erroneous.

In defendant's petition in error he sets up

many assignments as grounds for reversal, but we believe we need only to consider one assignment which is, in substance, as follows: That there was no proper rule given to the jury whereby it could ascertain and fix the damages, and that the court erred in instructing the jury as to the measure of damages.

It is admitted by both plaintiff and defendant that this case is governed by section 5976, C. O. S. 1921, which reads as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

In the general instructions of the court, he charged the jury, in substance, that if they should find that the plaintiff in good faith attempted to carry out his part of the contract, then it was their duty to determine from all the facts and circumstances in the case to what extent the plaintiff was damaged, if any, and in such sum as they may find from the evidence he is entitled to recover.

The only other instruction which attempts to set out the measure of damages is instruction No. 6, the material part of which is as follows:

"The court further instructs the jury that if you find from a preponderance of the evidence in this case that the plaintiff carried out and performed all his part of the lease contract by and between plaintiff and defendant, then, and under these circumstances the plaintiff would be entitled to recover from the defendant the usable value of said farm and farming paraphernalia used and kept on said farm and the increase of the stock on said farm as set out in the lease contract, for the full term of said contract, to wit, three years from the first day of August, 1923, to August 1st, 1926."

We believe that this instruction was erroneous for the reason that it did not instruct the jury as to the statutory measure of damages applicable in this case.

In the case of Southwestern Cottonseed Oil Co. v. Stribling, 18 Okla. 417, 89 Pac. 1129 in the body of the opinion it is stated:

"The court should not only have instructed the jury as to the statutory measure of damages applicable to this action, but he should, in addition thereto, have charged the jury as to the elements of damages which were recoverable."

In the case of Willet v. Johnson, 13 Okla. 563, 76 Pac. 174, the court said:

"We think that in every damage suit the court ought to furnish the jury a rule by which to measure and fix the damages, and this rule ought to cover the different elements for which compensation may be awarded."

See, also, the cases of Briscoe v. Johnson, 73 Okla. 273, 176 Pac. 214, and Kuykendall v. Caldwell, 54 Okla. 335, 153 Pac. 874, in which proper measure of damages is discussed.

It is admitted by the evidence in this case that the plaintiff had used all the farm for two years under the terms of the contract between the plaintiff and defendant, and that he rented the same farm from one Montgomery for the unexpired year. Surely he would not be entitled, as damages, to the usable value of the farm for the full period of three years, nor would he be entitled to the usable value of the farm for the unexpired term of one year. Assuming that the plaintiff exercised reasonable diligence to minimize his damages, the measure of damages, if any, would be the amount which would compensate him for his detriment in being compelled to accept the contract with Montgomery. It would not be the usable value of the farm, but the difference between the value of the unexpired term of the contract between the plaintiff and the defendant, and the value of the contract which plaintiff made with defendant's vendee for said unexpired term, if any difference there be.

It has been held that the failure of the court to instruct as to the measure of damages for breach of a contract is immaterial in cases where from all the facts in the case no substantial injury is shown to have resulted to the complaining party. Morgan, Baldwin & Co. v. Kanola Oil Co., 102 Okla. 26, 226 Pac. 335; Mathews v. Cifers, 94 Okla. 168, 221 Pac. 468.

In the case at bar, in our opinion, the instructions as given set up an incorrect method of measuring the damages. We cannot determine from the verdict of the jury what part of the damages was awarded for the usable value of the farm. This instruction, we believe, violated a substantial right of the defendant.

Since a new trial must be granted, we will not consider the other assignments, as it is

very uncertain whether or not they will arise on second trial.

It, therefore, follows, that this case should be, and is hereby, reversed and remanded to the trial court with instructions to grant a new trial.

BENNETT, TEEHEE, LEACH, REID, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 847, §168; 8 R. C. L. p. 451; 2 R. C. L. Supp. p. 613; 4 R. C. L. Supp. p. 555; 5 R. C. L. Supp. p. 470. (2) 17 C. J. p. 1062, §362.