### COOPER v. GILBERT et al.
#### No. 193.

Circuit Court of Appeals, Tenth Circuit.
April 21, 1930.

Eugene Jordan, of Tulsa, Okl., for appellant.

Conrad E. Cooper, of Tulsa, Okl., for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal by the defendant, Cooper, from an adverse judgment in favor of the receivers of the Turman Oil Company upon a promissory note for $2,900, with interest and costs.

The petition of the receivers sets out their appointment and authority, and alleges the note was executed by Miller & Stuart, to Cooper and indorsed by him, and the oil company became the owner of it before maturity.

In his amended answer and cross-petition, Cooper admits the execution and delivery of the note, but alleges he never held or owned it and it was at all times the property of the company. The particulars of the defense are set forth. Miller & Stuart needed funds to continue drilling oil wells, for the Cotton Belt Oil Company. Harvey, the general manager of, and acting for, the company, informed defendant of its desire to loan them $2,500 for the purpose, requested the use of his name as appearing to make the loan, and proposed the making of a note for $2,900, payable to the order of Cooper, for the use and benefit of the company, the drawing of a sight draft upon it for $2,500, to be paid on surrender of the note by Cooper to the company, and handling the transaction in that way to protect the company against a charge of usury; and Harvey agreed with Cooper that, in allowing the use of his name as payee and indorser of the draft, he should not be liable in the transaction. Relying on the agreement, the defendant drew the draft upon himself, in care of the company, payable to Miller & Stuart, they received the proceeds, and he indorsed the note and delivered it to the company without any consideration to him. The transaction occurred in Oklahoma and is governed by its laws. The note was usurious, reserving interest in excess of 10 per cent., as the company knew, and defendant's liability in any event was limited to $2,100, on account of a set-off he claimed therefor of $800, being twice the interest charge. If Harvey acted beyond his authority, the company had actual knowledge of the transaction, knew defendant had no interest in the note and indorsed the note over to the company for its use and benefit, upon the agreement he should not be liable in the transaction.

By his cross-petition, Cooper prayed in event judgment should be rendered against him, he be subrogated to the rights of the plaintiffs against Miller & Stuart, and have judgment against Harvey, if his agreement of indemnity against defendant's liability was unauthorized.

By their unverified reply, the receivers denied the averments of the answer, and alleged that, if there was such agreement between Harvey and Cooper, it was a pretext and device to defraud the oil company, pursuant to their scheme for their benefit, and to enable Harvey to realize a profit of $400, and he had no authority to enter into the agreement, and it was denied; that the company paid the full value of $2,900 for the note, without knowledge of such agreement, and, because of the fraud of Cooper and Harvey, the former is estopped to allege it as a defense, or assert the set-off to his liability by way of usury.

Cooper moved to strike from the reply the averments regarding the agreement and estoppel, and the motion was overruled. He asked leave to make Harvey a party defendant, and this was denied.

The cause was tried to a jury in October, 1929. Cooper testified for the defense, and was the only witness called. The substance of his direct testimony was as follows: On or about February 13, 1924, Harvey approached him at Ardmore, Okl., regarding the loan to Miller & Stuart, telling him he (Harvey) had a chance to make $400, and asked if he could take the note in Cooper's name, informing him there would be no liability on his part, the company would take the note, and Miller & Stuart would pay it. A draft was then prepared, attached to the note for $2,900, and delivered to Harvey. Cooper received nothing out of the transaction, acting merely at the request of Harvey. He knew the loan was only $2,500, the note was for $2,900, and $400 was commission on the loan. A draft exhibited was drawn by Cooper for $2,500, payable to Miller & Stuart, upon the Exchange National Bank at Tulsa, and credited later to Miller & Stuart.

Cooper testified on cross-examination: The draft was handed to Mr. Harrell, manager of the Cotton Belt Company, which was under Harvey's supervision. The $2,500 was to go to Miller & Stuart. Harvey received $400 out of the transaction. He (Cooper) knew Harvey was working for the oil company and in charge of its Oklahoma business, but subject to orders from the New York office. In April, 1928, in a suit of the oil company against Harvey and others, he testified he understood the $2,900 note exhibited to him was the same as that sued upon in this suit, he identified a draft

for $2,900 drawn by the Cotton Belt Petroleum Company to the American National Bank of Ardmore, and he further stated he loaned to Miller & Stuart $2,500 on the $2,900 note. Those answers he said "were true then and now." The $2,900 note was indorsed by him a few days after it was drawn. When he indorsed the note, it was in the possession of Harvey, and was then handed to him. He understood Harvey was thereby enabled to make $400 commission from the oil company. The proceeds of the $2,500 draft were used to make the loan. A sight draft for $2,900, payable to the order of the Exchange Trust Company, signed "Cotton Belt Petroleum Company, L. E. Cooper," was handed to Cooper. He denied preparing it or indorsing his name on it, or ever seeing it before. He and Harvey were cordial friends, engaged in business, and together went to Ardmore from Tulsa and back to Tulsa. It was admitted by the parties that the oil company paid $2,900 on the note in suit.

There was a demurrer by the plaintiffs to the evidence offered in defendant's behalf, and it was sustained. Thereupon both parties joining in a request for a directed verdict, the court directed a verdict for the plaintiffs, and it was returned by the jury for $2,900 and the interest, as provided by the note in suit.

■ Cooper assigns seven errors for reversal of the judgment. Of these the first two relate to the refusal of his motion to strike portions of the reply. The contention is the authority of Harvey to enter into the agreement with Cooper is alleged and not denied under oath, wherefore it was admitted, by section 287, Comp. Okl. Stat. 1921, as ruled in First National Bank v. Elam, 126 Okl. 93, 258 P. 892, and Gaar, Scott & Co. v. Rogers, 46 Okl. 67, 148 P. 161. The statute provides that allegations of any appointment or authority shall be taken as true unless denied under oath. But the motion disclosed no such ground, and it was not brought to the attention of the court. It is therefore not subject to review on appeal. Bankers' Surety Co. v. Town of Holly (C. C. A.) 219 F. 96. The note was prima facie evidence of Cooper's debt; and, as it appears the evidence was introduced without objection, or suggestion Harvey's authority was admitted by the pleadings, the verification of the denial was waived. Burford v. Hughes, 75 Okl. 150, 182 P. 689; Hutchinson Gin Co. v. Latimer County Nat. Bank, 106 Okl. 159, 233 P. 438.

■ The third assignment is that there was error in the refusal to make Harvey a party defendant. But the joinder of parties severally liable on the same instrument is optional with the plaintiff. Section 222, C. O. S. 1921; Johnson v. Cullinan, 94 Okl. 246, 221 P. 732; Goodrich v. Williamson, 10 Okl. 588, 63 P. 974; Modern Woodmen v. Terry, 69 Okl. 191, 171 P. 720. Additional parties are justified only where it clearly appears they have or claim to have some interest in the controversy or they are essential to a complete determination of the suit. Sections 219, 224, C. O. S. 1921; Enid O. & P. L. Co. v. Champlin, 113 Okl. 170, 240 P. 649. Harvey is not such a party, and there was no error in not ordering him to be made a party.

■ In the fourth, fifth, and sixth assignments, the complaint is the court erred in sustaining plaintiffs' demurrer to the evidence and directing a verdict in their favor. Thus the merits of the case are presented, which counsel have elaborately discussed. The defense was that the oil company was not a holder of the note in due course, as it was bound by the knowledge of Harvey in the authorized loan transaction, and that, as Cooper loaned his name as a mere accommodation to Harvey, the defense of nonconsideration is open to Cooper. It does not appear Harvey was authorized to do more than effectuate the loan. In so doing, undoubtedly, by the general rule, notice to Harvey of a transaction done within the scope of his agency would bind his principal. But the rule has an exception where the agent acts adversely to the interest of his principal. Morgan, Baldwin & Co. v. Kanola O. & Ref. Co., 102 Okl. 26, 226 P. 335. The transaction was of that character, as its object was to obtain a commission for Harvey, whereas it was his duty to account for all profits to his principal. Roxana Pet. Co. v. Goldrick, 113 Okl. 298, 242 P. 228; 2 C. J. 692, 697, 700. The defense of nonconsideration was open to Cooper. But it appears the note transaction was adopted to enable Harvey to realize a profit, and, if so, a consideration secured for him by Cooper was sufficient to bind the latter, even if the note was an accommodation and he received no personal benefit from it. Fleming v. Gamble (C. C. A.) 37 F.(2d) 72.

■ By the seventh assignment, the defense of usury is asserted, as allowed by the Oklahoma statute. It is available to an indorser on a note. Ladd v. Ardmore State Bank, 43 Okl. 502, 143 P. 170. However, in this case, the oil company had no actual or

legal notice of the excessive charge, effected as it was by means of the collusive arrangement between Harvey and Cooper, and paid full value for the note. Cooper cannot be heard to plead usury when by a scheme in which he knowingly participated the profit claimed to constitute the usury was realized by Harvey and withheld from the oil company.

The judgment of the District Court was for the right party and it is accordingly affirmed.